UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN MORAN,

                                 Plaintiff,

                                                                                DECISION AND ORDER

                                                                                13-CV-6343L

        v.

WEGMANS FOOD MARKETS, INC.,

                                 Defendant.
_____

## INTRODUCTION

Plaintiff Steven Moran ("Moran") brings this action alleging that defendant Wegmans Food Markets, Inc. ("Wegmans") discriminated against him with respect to his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. and the New York Human Rights Law, N.Y. Exec. Law §296.[1]

Moran has been employed since in or about 1996 by Wegmans as a truck driver. On or about November 26, 2011, Moran filed a discrimination complaint against Wegmans with the Equal Employment Opportunity Commission ("EEOC"), alleging that Wegmans had refused to

---

[1] The NYHRL contains provisions against discrimination and retaliation that are similar to those under the ADA, and are thus governed and analyzed using the same standards. *See Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 117 n. 1 (2d Cir. 2004); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

permit him to take time off of work as a reasonable accommodation for his disability, testicular cancer.[2]

Moran alleges that the EEOC investigated his claims (the result of that investigation is not specified), and that on April 4, 2013, the EEOC issued him a "90-day right to sue" letter. This action followed. In his complaint, Moran amplifies the claims he made before the EEOC with the following additional allegations: (1) in or about April 2011, Moran began working closely with Wegmans' Human Resources department to "address his need to take off certain days of work due to his ongoing medical condition as a reasonable accommodation"; (2) on or about August 7, 2011, Moran began feeling ill and left work to visit his physician; (3) later in the day, Moran's physician faxed a message to Wegmans stating that Moran would need to be out of work for the next three days; and (4) on August 10, 2011, plaintiff returned to work, but was sent home after being informed that he would spend the day on suspension for violating Wegmans' attendance policy. (Dkt. #1 at ¶¶20-23).

---

2   The Court notes that the plaintiff's complaint, as well as the attorney affidavit in opposition to the motion to dismiss, allege that "[d]efendant regarded Plaintiff as substantially limited in the major life activities [of caring for himself, concentrating, thinking, communicating and working], and subjected him to a *hostile work environment* because of a perception of *mental illness* based on myth, fear, and/or stereotype, as detailed below." (Dkt. #1 at ¶19, repeated and referenced at Dkt. #14 at 3) (emphasis added). However, the record contains no other reference to this factual allegation, and plaintiff, in his EEOC charge, described the nature of his disability as, "cancer and related medical conditions." (Dkt. #14-1, Exh. B). Plaintiff's counsel conceded at the July 22, 2014 hearing on the instant motion that the inclusion of this allegation in the complaint was probably the result of a careless cut-and-paste job by plaintiff's former attorney, Christina Agola, who has since been suspended from practice. The Court thus assumes that the hostile work environment and mental illness allegations are not actually part of plaintiff's claim, regardless of the fact that his present counsel appears to have compounded that error by parroting them in his affidavit in opposition to the present motion.

Wegmans now moves to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that Moran's complaint fails to state a cause of action for disability-based discrimination or retaliation. (Dkt. #4). For the reasons set forth below, the motion to dismiss is granted, and the complaint is dismissed.

## DISCUSSION

### I.     Standard for Deciding a Motion to Dismiss

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "bald assertions and conclusions of law will not suffice," *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007), and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. 544 at 570.

II.     **Moran's Discrimination Claim**

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment.  42 U.S.C. §12112(a).  A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).  Upon careful review of Moran's complaint, I find that he has failed to state a plausible claim of disability-based discrimination.

While Moran has alleged that he was disabled within the meaning of the ADA and NYHRL during the time period in question, he has failed to plausibly allege that he was qualified to perform the essential functions of his position at the time of the alleged discriminatory acts, with or without reasonable accommodation.  Indeed, Moran does not even set forth any of the essential functions of his position.  While the Court can reasonably infer that the essential functions of a job denoted "Truck Driver" primarily consist of driving a truck, Moran nonetheless fails anywhere in the complaint to allege that he was able to perform the requirements of the truck driver position, with or without a reasonable accommodation.  *See generally Graves v. Finch Pruyn & Co.*, 2009 U.S. App. LEXIS 25142 at *560 (2d Cir. 2009) ("[w]e have never expressly held that leaves of absence from an employee's job taken in order to recover from the employee's disability are 'reasonable accommodations' under the ADA . . . [e]ven assuming that they can be under certain circumstances, however, they must enable the employee to perform the essential functions of his job") (unpublished opinion); *Petrone v. Hampton Bays Union Free Sch. Dist.*, 2013 U.S. Dist.

4

LEXIS 97292 at *69-*70 (E.D.N.Y. 2013) (unless an employee seeking medical leave as a "reasonable accommodation" made a showing to the employer, contemporaneous with the request, that the accommodation would allow him to perform the essential functions of his job, "the employee has not established that he was a qualified individual").

The Court declines plaintiff's invitation to extrapolate his allegation that he "maintained an above average work record" in his employment into an affirmative averment that he was able to perform the requirements of his position with or without reasonable accommodations at or around the time of his suspension. (Dkt. #14 at 8-9). While the Court is mindful of the need to grant plaintiff every favorable inference on a motion to dismiss his pleading, the Court is not free to correct its deficiencies *sua sponte*, by straying so far beyond the plain meaning of the text that it imagines factual allegations which are not actually there. If plaintiff wished to amend the complaint in response to the omissions identified by Wegmans in its motion to dismiss, he could have cross moved to do so. Plaintiff opted to rely upon his original complaint, and the Court's analysis is accordingly cabined by the four corners of that pleading, in addition to the inferences that can reasonably be drawn therefrom, and documents incorporated therein by reference.

Even assuming *arguendo* that the Court could or should infer simply by the nature of Moran's claims that he believed, and intended to convey in the complaint, that he "could return to work under the right circumstances," *Haight v. NYU Langone Med. Ctr.*, 2014 U.S. Dist. LEXIS 88117 at *47 (S.D.N.Y. 2014), Moran has also failed to plausibly allege that he was subjected to an adverse employment action. An adverse employment action is "a materially adverse change in the terms and conditions of employment," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits,

significantly diminished material responsibilities, or other indices unique to a particular situation." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004).

Initially, mere "threats" to terminate one's employment do not, by themselves, constitute adverse employment actions. *See Honey v. County of Rockland*, 200 F. Supp. 2d 311, 320-21 (S.D.N.Y. 2002) ("courts in this circuit have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results"). While a suspension can comprise an adverse employment action where it negatively affects the terms and conditions of one's employment, or exceeds the "employee's normal exposure to disciplinary policies" by going beyond the employer's typical disciplinary procedures, Moran makes no such allegation in the complaint. *See Joseph v. Leavitt*, 465 F.3d 87 at 92 n.1 (2d Cir. 2006). Moran's only allegations concerning the one-day suspension in August 2011 – an action that Moran's October 2011 EEOC charge did not even mention – is that it was ostensibly done to punish his violation of Wegmans' attendance policies following his unauthorized three-day absence, and that it "has remained on Plaintiff's [employment] record" despite Moran's effort to have it expunged. (Dkt. #1 at ¶26). *See generally Brown v. City of Syracuse*, 673 F.3d 141 (2d Cir. 2006) (suspension with pay does not, without more, constitute an adverse employment action). Moran does not allege that the suspension (or the record of it) had any negative repercussions on the terms and conditions of his employment whatsoever, or that it strayed beyond the boundaries of Wegmans' disciplinary policies relative to attendance.

Because Moran has failed to allege facts establishing that he is a "qualified individual" for purposes of the ADA and NYHRL, and/or that he was subjected to an adverse employment action because of his disability, he has failed to state a plausible claim of disability-related discrimination

under the ADA or NYHRL.   Those claims are dismissed.   *See generally Iqbal v. Hasty*, 490 F.3d 143 at 157-158.

### III.     Moran's Retaliation Claim

Moran also claims that the one-day suspension, along with threats by Wegmans to terminate his employment, were adverse employment actions which occurred in retaliation for his request for the "reasonable accommodation" of time off from work.

To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity.   *See Treglia*, 313 F.3d 713 at 719.

First, I find that Moran has not plausibly alleged that he engaged in protected activity. Although Moran characterizes the doctor's note that was faxed to Wegmans on August 7, 2001 – stating that Moran would be absent from work for three days – as a "request for an accommodation," the facts alleged in the complaint do not support the conclusion that it was a "request" for anything.   Moran alleges only that he left work because he was feeling poorly and needed to see his physician, and didn't return for three days.   His actions, as alleged, were entirely unilateral: Wegmans had no opportunity to grant or deny Moran time off as an accommodation, because *Moran never requested it*: he simply "took off" from work, apparently without advising anyone of his intention to do anything other than attend to a doctor's appointment.

Furthermore, Moran has failed to plausibly allege a causal connection between any other protected activity and his suspension.   To the extent that Moran's previous attempts to obtain days off as an accommodation, alleged to have commenced in April 2011, might be viewed as the

"protected activity" to which Wegmans was supposedly responding when it suspended Moran in August 2011, the four-month lapse of time between those events is too remote to indicate such a connection, given that temporal proximity is the sole evidence of causal connection upon which Moran relies. (Dkt. #1 at ¶20) (Moran alleges that in April 2011, he began "work[ing] closely with [Wegmans] Human Resources to address his need to take off certain days of work due to his ongoing medical condition as a reasonable accommodation"). *See e.g.*, *Brown v. City of New York*, 2014 U.S. Dist. LEXIS 159202 at *9-*10 (S.D.N.Y. 2014) (collecting cases and noting that where months pass between the alleged protected activity and the alleged adverse employment action, temporal proximity alone is insufficient to plead or prove a causal link between them).

For these reason, I find that Moran had failed to state a plausible claim for retaliation under the ADA or NYHRL, and those claims are dismissed.

## CONCLUSION

For the foregoing reasons, I find that Moran has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss the complaint (Dkt. #4) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        December 12, 2014.